IN THE UNITED STATES DISTRICT COURT FOR THE
IN THE UNITED STATES DISTRICT COURT F(

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | ) ) ) | |
| PLAINTIFF | ) NO. 04 C 1421 ) | **FILED** |
| VS | ) JUDGE ) | AUG 1 2 2005 |
| RONALD MOFFITT A/K/A RON MOFFITT; | ) | JOHN M. WATERS, Clerk U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS |

JUDGMENT FOR FORECLOSURE AND SALE

THIS CAUSE having been heard by this Court upon the record herein, the Court FINDS:

A. It has jurisdiction to the parties hereto and the subject matter hereof.

That all the material allegations of the Complaint and those deemed to be made pursuant to 735 ILCS 5/15-1504(c) 1-11, Illinois Code of Civil Procedure are true and proven; that by entry of this Judgment for Foreclosure and Sale, the Mortgage and Note which are the subject matter of these proceedings is extinguished and merged into judgment and default no longer exists, but has been replaced by judgment, and this judgment is fully dispositive of the interests of all defendants, and that by virtue of the mortgage and the affidavits presented as evidence of indebtedness secured thereby, there is due to the Plaintiff, and it has a valid and subsisting lien on the property described hereafter for the following accounts.

| | | |
|---|---|---:|
| Principal, Accrued Interest and Advanced by the Plaintiff: | $ | 86,294.64 |
| Costs of Suit: | $ | 1,124.00 |
| Attorneys' Fees: | $ | 1,100.00 |
| TOTAL..............................$ | | 88,518.64 |

All the foregoing amounts have been accounted for in the Affidavits filed by Plaintiff.

B. That there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the

subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein:

    NONE

C. That by its terms said mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys' fees herein, and, that included in the above indebtedness are attorneys' fees, and that the following sum is hereby allowed to the Plaintiff:

    $   1,100.00

D. That under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses are hereby allowed to the Plaintiff.

E. That advances made in order to protect the lien of the Judgment and preserve the real estate shall become an additional indebtedness secured by the Judgment lien pursuant to 735 ILCS 5/15-1504(d).

F. That the Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder or Registrar of Deeds, PEORIA County, Illinois, as Document No. 03-60528, and the property herein referred to and directed to be sold is described as follows:

    LOT 207 IN VINTON HIGHLANDS SECTIONS 2 AND 3, A SUBDIVISION OF PART OF THE WEST HALF OF SECTION 13, TOWNSHIP 9 NORTH, RANGE 7 EAST OF THE FOURTH PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED APRIL 8, 1970 IN PLAT BOOK "Z-2", PAGE 66 AS DOCUMENT NO. 70-03716; SITUATE, LYING AND BEING IN THE COUNTY OF PEORIA AND STATE OF ILLINOIS.

    COMMONLY KNOWN AS:
        3913 WEST VIRDEN COURT
        PEORIA, IL 61615
        Tax ID # 13-13-309-024, ,

G. That the Mortgage herein referred to is secured by a Mortgage Note personally executed by:

    RONALD MOFFITT A/K/A RON MOFFITT;

H. That the Mortgagors and any other owners or co-owner of the subject property are the owner(s) of the equity of redemption, as set forth in the Complaint heretofore filed.

I. That the rights and interests of all the Defendants to this cause in and to the property hereinbefore described are inferior to the lien of the Plaintiff.

J. The rights of reinstatement shall expire ninety (90) days from the date the owners of the equity of redemption were served with summons or by publication.

K. The mortgaged real estate is residential as defined in 735 ILCS 5/15-1219 Illinois Compiled Statutes. Provided the real estate is "Residential", the redemption period shall expire the later of (i) seven (7) months from the date the mortgagor, as described herein, was served by summons or publication, or (ii) the date three (3) months from the entry of this Judgment. Provided the real estate is "Not Residential", the redemption period shall expire the later of (i) six (6) months from the date the mortgagor was served by summons or publication, or (ii) the date three (3) months from the date of entry of this Judgment.

L. The rights of redemption shall expire on **November 14, 2005**, unless shortened by further Order of court, except pursuant to 28 U.S.C. Sec. 2410, the United States of America, if a defendant, shall be granted 120 days from the date of sale within which to redeem the property from sale.

M. That true and correct copies of the original Note and the original Mortgage are attached to the complaint.

   IT IS THEREFORE ORDERED that this Judgment is entered pursuant to 735 ILCS 5/15-1506 and 735 ILCS 5/15-1603 (b)(i) and (ii) and the Court finds that there is due and owing to plaintiff the sums as set forth in paragraph "A" above.

   IT IS FURTHER ORDERED:

1. That a Judicial Sale of the subject property be conducted by a Special Commissioner in accordance with statutory provisions.

2. NOTICE OF SALE:  That notice of the Sale shall be given pursuant to

735 ILCS 5/15-1507, and said notice shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

(a)  the name, address and telephone number of the person to contact for information regarding the real estate;

(b)  the common address and other common description (other than legal description), if any, of the real estate;

(c)  a legal description of the real estate sufficient to identify it with reasonable certainty;

(d)  a description of the improvements on the real estate;

(e)  the time specified in the Judgment, if any, when the real estate may be inspected prior to sale;

    (f)  the time and place of the sale;

    (g)  the terms of the sale;

(h)  the case title, case number and the court in which the foreclosure was filed;

    (i)  no other information is required.


3. The notice of the sale shall be published at least three consecutive calendar weeks, once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by: a) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and (b) separate advertisements in the section of such newspaper, which may be the same newspaper, in which real estate other than real estate being sold as part of a legal proceeding is commonly advertised to the general public; provided that the separate advertisements in the real estate section need not include a legal description and that where both advertisements could be published in the same newspaper and that the newspaper does not have a separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be sufficient; and (c) no other publication shall be required.


4. The party who gives notice of public sale shall also give notice to all parties in the action who have appeared and have not heretofore been found by the court to be in default for failure to plead. Such

notice shall be given in the manner provided in the applicable Rules of Court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the date of sale. After notice is given as required in this section, a copy thereof shall be filed in the office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section. In the event of adjournment, the person conducting the sale shall upon adjournment, announce the date, time and place upon which the adjourned sale shall be held. Notwithstanding any language to the contrary, for any adjourned sale that is to be conducted more than 60 days after the date on which it was to first be held, the party giving notice of such sale shall again give notice in accordance with this Section.

5. That notice of the sale may be given prior to the expiration of any reinstatement period or redemption period.

6. The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required, to provide additional information other than that set forth in the notice of sale.

7. TERMS OF SALE: The Special Commissioner conducting the Sales shall offer for sale the real estate described herein above, with all improvements, fixtures and appurtenances in "as is" condition; or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest. The opening bid shall be a verbal bid provided by Plaintiff. In the event that Plaintiff fails to provide the Special Commissioner conducting the sale as appointed by the court with its bid or in the event that the Special Commissioner conducting the sale is unable to decipher the bid, then the Special Commissioner shall continue the sale to a date as mutually agreed upon by the Special Commissioner conducting the sale and Plaintiff's counsel in compliance with 735 ILCS 5/15-1507(c)(4) or if Plaintiff's counsel is unavailable then the Special Commissioner conducting the sale shall continue the sale for a date not less than 7 no more than 14 days (excluding Saturday, Sunday, and legal holidays) and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid or the Special Commissioner conducting the sale erroneously reads the bid, then Plaintiff shall have the option to have the sale vacated. The real estate shall be sold at public auction to the highest bidder for cash; the deposit required at the time of sale will be between ten percent (10%) and twenty five percent (25%) of the successful bid, and the officer conducting the sale shall announce the terms of the sale prior to the auction. The balance of the bid amount is required to be paid within twenty-four (24) hours of the Sale. All

payments of the amount bid shall be in case or certified funds payable to the Special Commissioner conducting the Sale. In the event the bidder fails to comply with the terms of the purchase as required, then upon demand by the Plaintiff in a notice served on the Special Commissioner conducting the Sale and the bidder, the funds submitted shall be forfeited to the Plaintiff or the Plaintiff has the option to have the property sold to the next highest bidder. In the event there is a Third Party bidder other than the Plaintiff, the Special Commissioner conducting the Sale shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail to the address given by the bidder and to the Special Commissioner conducting the Sale shall be deemed to be sufficient notification by the Plaintiff to exercise its option to forfeit the funds. The subject property is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff. There shall be no proration of taxes, assessments, water bills, etc.

8. PROCEEDS OF SALE: That proceeds of sale shall be distributed in the following order of priority:

      (a)  the reasonable expenses of sale;

(b)  the reasonable expenses of securing possession before, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard, liability and mortgage insurance, receiver's and management fees, and, to the extent provided for in the mortgage and by statute, other expenses of any nature incurred by the mortgagee;

(c)  Satisfaction of claims in the order of priority adjudicated in this Judgment of Foreclosure or Order Confirming the Sale;

      and

(d)  Remittance of any surplus to be held by the Special Commissioner conducting the Sale subject to further Order of Court.

9. The determination of any In Personam Judgment is deferred until the Confirmation of Sale hearing.

10. If Plaintiff is the successful bidder at said sale, the amount due to the Plaintiff, plus all costs, advances and fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as credit on its bid.

11. Upon and at the sale of mortgaged real estate, the Special Commissioner conducting the Sale shall issue to the purchaser of receipt of sale and Certificate of Sale pursuant to 735 ILCS 5/15-1507(e) and (f).

12. Any bid at sale shall be deemed to include, without the necessity of a court order, interest at the statutory judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment.

13. The Special Commissioner conducting the Sale shall promptly make a report of sale to the Court. Upon motion and notice in accordance with Court rules applicable to motions generally, the Court shall conduct a hearing to confirm the sale. The Court shall then enter an order confirming the sale, which order shall include an award for possession which shall become effective thirty (30) days after entry of the order. The Confirmation Order may also:

(a) Approve the mortgagee's fees, costs and additional advances arising between the entry of the Judgment of Foreclosure and the Confirmation hearing pursuant to the terms of the mortgage and 735 ILCS 5/15-1504.

(b) Determine the priority of the judgments or parties who deferred proving the priority pursuant to subsection (h) of Section 15-1506, but the Court shall not defer confirming the sale pending the determination of such priority.

(c) Direct the Special Commissioner to hold any surplus funds pursuant to further Order of Court.

14. That upon judicial sale of "residential" real estate to the mortgagee who is a party to this foreclosure or its nominee for a sale price less than the amount required to redeem as specified in 735 ILCS 5/15-1603(d) of the Code of Civil Procedure, an owner of redemption as specified in 735 ILCS 5/15-1603(a) of the Illinois Code of Civil Procedure shall have a special right to redeem for a period ending 30 days after the date the sale is confirmed. Redemption shall be made by paying the amount required by and in conformity with the procedures specified in 735 ILCS 5/15-1604, Illinois Code of Civil Procedure. Property so redeemed shall be subject to a lien for any deficiency remaining with the sale lien priority as the underlying mortgage herein foreclosed, without any rights of Homestead.

15. After (1) confirmation of the sale, and (2) payment of the purchase price and any other amount required to be paid by the

purchaser at sale, the Court (or if the Court shall so order, the person who conducted the sale or such person's successor or some persons specifically appointed by the court for that purpose), shall upon the request of the holder of the Certificate of Sale (or the purchaser if no Certificate of Sale was issued), immediately execute a Deed to the holder or purchaser sufficient to convey title.

16. In the event the United States of America has filed responsive pleadings and is included in this Judgment of Foreclosure and Sale, the United States of America, pursuant to 28 USC Section 2410, shall have a redemption period subsequent to the completion of any sale held pursuant to this Judgment of Foreclosure and Sale, pursuant to the stated statute.

17. That the Court retains jurisdiction of the subject matter of this cause and of all parties hereto, for the purpose of enforcing this judgment.

ENTER: 8/12/05

s/ Michael M. Mihm
JUDGE

PIERCE & ASSOCIATES
Attorneys for Plaintiff
Thirteenth Floor
1 North Dearborn
Chicago, Illinois
Tel. (312) 346-9088
Fax  (312) 346-1557
PA0409564